Filed 7/15/25  P. v. Alvidrez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MIGUEL ANGEL ALVIDREZ, Defendant and Appellant. | G063378 (Super. Ct. No. 09CF2870) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge. Reversed and remanded.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Miguel Angel Alvidrez pleaded guilty in 2011 to aiding and abetting attempted murder, second degree robbery, and other felonies. In 2023, he brought a petition under Penal Code section 1172.6[1] for resentencing on the attempted murder conviction. The trial court concluded Alvidrez was statutorily ineligible for relief and denied his petition at the prima facie stage. We conclude the trial court erred by denying Alvidrez's petition at the prima facie stage and therefore reverse and remand.

## BACKGROUND

### I. INFORMATION AND GUILTY PLEA

Alvidrez was charged by information with one count of attempted murder (count 1; §§ 664, subd. (a), 187, subd. (a)); three counts of second degree robbery (counts 2, 3, & 4; §§ 211, 212.5, subd. (c)); two counts of assault with a firearm (counts 5 & 6; § 245, subd. (a)(2)); one count of aggravated assault (count 7; § 245, subd. (a)(1)); one count of dissuading a witness from reporting a crime (count 8; § 136.1, subd. (b)(1)); two counts of possession of a firearm by a misdemeanant (counts 9 & 12; § 12021, subd. (c)(1)); two counts of street terrorism (counts 10 & 13; § 186.22, subd. (a)); one count of concealing evidence for gang-related purposes (count 11; §§ 135, 186.22, subd. (d)); and one count of making criminal threats (count 14; § 422).

As to count 1, it was alleged that the attempted murder was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)). As to counts 1 through 9, 12, and 14, it was alleged that Alvidrez committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to counts 1 through 4, it was alleged that Alvidrez vicariously used a firearm

---

[1] Further code references are to the Penal Code

2

(§ 12022.53, subds. (b), (e)(1)) and that he vicariously discharged a firearm causing great bodily injury (§ 12022.53, subds. (d), (e)(1)).

In December 2011, Alvidrez pleaded guilty to counts 1, 2, 3, 4, 10, 11, and 12. He signed under penalty of perjury the standard *Tahl*[2] form in use at that time. On the *Tahl* form, he offered the following facts as the basis for his guilty plea to attempted murder and robbery: "In Orange County, California, on 11/1/09, I, along with Fabian Garcia and Rafael Perez, unlawfully by means of force and fear took the personal property against the will of and from the person, possession, and immediate presence of John Doe #1, John Doe # 2, and John Doe # 3, and I aided and abetted Fabian Garcia and Rafael Perez in the commission of an attempt [*sic*] murder of John Doe #1 with the specific intent to kill."

The trial court found a factual basis for the plea and sentenced Alvidrez to a total prison term of 25 years, which was 10 years less than the term specified in the plea bargain.

II. PETITION FOR RESENTENCING RELIEF

In September 2023, Alvidrez filed a form petition for resentencing pursuant to section 1172.6. He checked the boxes for the standard allegations that (1) a complaint, information, or indictment had been filed against him which allowed the prosecution to proceed under a theory of felony murder, attempted murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) he was convicted of attempted murder after he accepted a plea offer; and (3) he could not presently be convicted of

---

[2] *In re Tahl* (1969) 1 Cal.3d 122, overruled on other grounds in *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 291.

3

attempted murder due to changes made to sections 188 and 189. Alvidrez was appointed counsel.

The District Attorney filed opposition to Alvidrez's resentencing petition. With the opposition, the District Attorney submitted (1) the abstract of judgment; (2) the register of actions; (3) the information; and (4) the *Tahl* form signed by Alvidrez.

Following a hearing, the trial court found that Alvidrez had not made a prima facie case for relief and was ineligible for resentencing as a matter of law. In a written order denying the resentencing petition, the court found, "[b]y admitting facts that he directly aided and abetted the attempted murder of the victim 'with the specific intent to kill,' defendant admitted he acted with express malice and that malice was not imputed based solely on participation in a crime."

## DISCUSSION

### I. SECTION 1172.6 AND ATTEMPTED MURDER

A defendant convicted of attempted murder is eligible for sentencing relief under section 1172.6 if that conviction was based on the natural and probable consequences doctrine. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) A defendant convicted of attempted murder either as an actual perpetrator or as a direct aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

A trial court may deny a petition for resentencing at the prima facie stage if the record of conviction conclusively establishes the petitioner is ineligible for relief. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) When the defendant's conviction resulted from a guilty plea, the court may consider, as part of the record of conviction, facts which the defendant stipulated to or

4

admitted as part of the factual basis for the plea. (*People v. Das* (2023) 96 Cal.App.5th 954, 961–964; *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211-1212.)

We review de novo an order denying a petition under section 1172.6 at the prima facie stage. (*People v. Saavedra* (2023) 96 Cal.App.5th 444, 447 (*Saavedra*).)

## II. THE GUILTY PLEA DOES NOT CONCLUSIVELY ESTABLISH ALVIDREZ IS INELIGIBLE FOR RESENTENCING RELIEF

Because Alvidrez pleaded guilty to attempted murder, the question presented for us is whether the record of conviction demonstrates, as a matter of law, that (1) the information did not allow the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine, (2) Alvidrez was not actually convicted under the natural and probable consequences doctrine, or (3) Alvidrez could presently be convicted of attempted murder under the current law. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 987, disapproved on another ground in *People v. Patton* (2025) 17 Cal.5th 549, 569.)

Here, the information charged Alvidrez with attempted murder in generic terms, according to the statutory definition of the offense. The information generically alleged the attempted murder was committed "willfully, deliberately and with premeditation." The information thus would have allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 337-338.)

The factual basis for defendant's guilty plea, which was likewise generic, was insufficient to establish conclusively that Alvidrez was not entitled to resentencing relief. "'Attempted murder requires the specific

5

intent to kill [the mens rea] and the commission of a direct but ineffectual act toward accomplishing the intended killing [the actus reus].'" (*People v. Perez* (2010) 50 Cal.4th 222, 224.) In his plea, Alvidrez admitted[3] he had "aided and abetted Fabian Garcia and Rafael Perez in the commission of an attempt murder of John Doe #1 with the specific intent to kill." The admission that Alvidrez acted with specific intent to kill does not, however, conclusively establish that he committed the requisite acts (the actus reus) for direct aiding and abetting liability. (See *People v. Curiel* (2023) 15 Cal.5th 433, 463 (*Curiel*) ["A finding of intent to kill does not, standing alone, cover all of the required elements"].)

In addition, Alvidrez admitted he and his two codefendants "unlawfully by force and fear took the personal property against the will of and from the person, possession, and immediate presence of John Doe #1." He also admitted the *vicarious* use of a firearm and *vicarious* discharge of a firearm enhancements alleged against the attempted murder and robbery counts. Those admitted allegations are suggestive of a natural and probable consequences theory of liability with robbery as the target offense.

The Attorney General relies on *People v. Romero* (2022) 80 Cal.App.5th 145 (*Romero*), *Saavedra, supra*, 96 Cal.App.5th 444, and *People v. Ramos* (2024) 103 Cal.App.5th 460 (*Ramos*) as demonstrating Alvidrez's

_____

[3] Alvidrez claims he admitted none of the facts forming the basis for his guilty plea because the *Tahl* form "did not provide a check box option for appellant to clarify whether he was specifically not contesting the facts he was offering as the basis for his plea or whether he was admitting them." However, on the *Tahl* form, Alvidrez signed under penalty of perjury that "everything on this form is true and correct" and as providing specific factual information about the crimes.

6

admissions in the *Tahl* form make him ineligible for resentencing relief. None of those cases support the Attorney General's position.

In *Romero,* the defendant admitted that during the commission of murder he "acted intentionally, deliberately and with premeditation." (*Romero, supra*, 80 Cal.App.5th at p. 149.) That admission, the *Romero* court held, established that the defendant had acted with actual malice and made him ineligible for resentencing relief. (*Id.* at p. 153.) The court distinguished "'intentionally, deliberately and with premeditation,'" which establishes actual malice, from ""'willfully, unlawfully, and with malice aforethought,'"" which is generic and does not establish ineligibility for resentencing as a matter of law. (*Ibid.*) While Alvidrez admitted he acted with "intent to kill," he did not admit he acted "deliberately and with premeditation."

The defendant in *Saavedra* pleaded guilty to attempted murder, but, in addition to the generic elements of that offense, admitted "he attempted to murder [three] human beings, by personally discharging a firearm at the vehicle [they] were occupying, within the meaning of . . . Section 12022.53[, subdivision (c)]." (*Saavedra, supra*, 96 Cal.App.5th at p. 447.) The *Saavedra* court held the admission of those additional facts "establishe[d] Saavedra was the actual shooter; that is, he actually attempted to murder the victims by shooting at their vehicle." (*Id.* at p. 448.) Alvidrez admitted to no facts beyond the generic elements of the offense.

In *Ramos*, the defendant pleaded guilty to aiding and abetting an attempted murder. (*Ramos, supra*, 103 Cal.App.5th at p. 462.) Although the factual basis for the defendant's guilty plea in *Ramos* was similar to Alvidrez's, the two pleas differ in a dispositive respect: The defendant in *Ramos* admitted he aided and abetted "the attempt to *kill* John Doe" (*id.*, p. 463, italics added), while Alvidrez admitted he aided and abetted "an attempt

7

*murder* of John Doe #1." Unlike the word "kill," the word "murder" is a legal term of art. (See § 187, subd. (a).) Admitting to aiding and abetting an attempt to kill connects the defendant's acts toward the killing, as opposed to the target offense. Alvidrez's admission that he aided and abetted an attempted murder leaves open the possibility that Alvidrez committed an act toward the target offense that made him liable as and aider and abettor to attempted murder under a natural and probable consequences theory. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 262 [natural and probable consequences aider and abettor commits act that aids or encourages commission of target crime].)

The record of conviction does not conclusively establish Alvidrez admitted guilt on a direct aiding and abetting theory rather than a natural and probable consequences theory. The trial court therefore erred by denying his resentencing petition at the prima facie stage.

DISPOSITION

The postjudgment order denying Alvidrez's petition for resentencing is reversed and the matter is remanded for further proceedings.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.

9